### Metropolitan Life Insurance Company v. Samuel B. Strohmberg.

1. GRATUITIES—*Conditions Precedent to Recovery.*—Before a gratuity offered upon certain conditions can be recovered, it must appear from the evidence that the conditions have happened as provided by the offer.

**Assumpsit,** for a gratuity. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the February term, 1896. Reversed but not remanded. Opinion filed June 18, 1896.

WM. P. LAUNTZ, attorney for appellant.

WINKELMANN & CARSON, attorneys for appellee.

MR. PRESIDING JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

Appellant brought this suit to recover $100 gratuity offered on December 30, 1893, by appellant, by its printed document sent to appellee, who was then its agent, and in substance as follows:

"AGENTS' GRATUITIES.

"Offer No. II. Any present agent, who may be in receipt of a gratuity under the company's present practice,

after January 1, 1894, the payment of $100 will be made at the expiration of one year from the date his last gratuity is due and payable, subject to his continuing uninterruptedly in the service of the company for that time, either as agent or assistant.

" The payment of any gratuity will be subject to the agent's being in the service of the company, and of his accounts being in a condition *entirely satisfactory* to the company at the time the payment falls due.

JNO. R. HEGEMAN, President.

HALEY FISKE, Vice-President.

GEO. H. GASTON, Secretary."

The cause was tried by a jury, who found for plaintiff and assessed his damages at $100. Defendant's motion for a new trial was overruled and judgment was entered on the verdict for damages assessed and costs of suit, in favor of plaintiff, and defendant took this appeal. Plaintiff acted as an agent for the appellant from May 23, 1893, until April 29, 1895, and then quit because he had not been paid the said gratuity. At that time he was indebted to the company for " deficiency " $8.70, which he then paid and a receipt was given him. He had before this date written once to appellant in reference to the $100, and in reply received a statement charging him with, as he testified, something over $100 for "lapses." The defenses to appellee's claim, that his accounts were not in a condition satisfactory to the company, and that he was indebted to it in a sum much larger than $100, we think were clearly established by the evidence. Appellee gave a bond and executed a contract with appellant, which remained in force during the entire time he was its agent. Among the conditions contained therein, was this:

7. I agree that the condition of my account with the company, either before or after the termination of my employment by the company, shall be ascertained and determined by an inspection, at any time, with or without notice to me, and by any person authorized by the company to make it; and when made, whether I shall be present at the

inspection or not, I agree that the condition of my account with the company shall be determined by the report of the inspection, and I hereby give such employe, who shall inspect my agency, as aforesaid, full power and authority to compute the sum due by me to the company; and I hereby ratify his computations, and agree that the result thereof shall represent my indebtedness to the company, hereby waiving the production of any evidence other than such report and account.    In ascertaining my total indebtedness, I agree to be charged with all policies lapsed during the continuance of my agency, or within six weeks after final transfer of my business on the books of the company.

It was also a part of said contract, " That the agent is to make up on the forms provided by the company, and to forward each week with his accounts, a list of all policies on which the premiums are four weeks in arrears, and in case of any failure to do so, he shall be liable to the company, and shall pay over to it, as if collected by him, all premiums in arrears over the space of four weeks."

This company, unlike some others, collected by the agent, weekly, the weekly premiums due from assured, and by said contract it was provided that appellee should so collect and pay over the premiums.    The case of Owiter v. Metropolitan Life Ins. Co., 24 N. Y. Sup. 731, in which an agent sued for the sum of fifty dollars deposited with the company as security for honesty in the course of his employment, involved the same questions as in the case at bar, and it was held that a clause in the agreement between the agent and the company, substantially the same as clause " 7 " before quoted, was valid and binding, and that the agent should be charged with lapses, and as to the amount of such lapses, the report of the person or persons authorized by the company to make an inspection of the plaintiff's weekly accounts in his ledger was conclusive under said clause in the agreement.    In this case it was proven and not contradicted that James S. Roberts was appointed by appellant to inspect and report the accounts between the plaintiff and defendant; that he made such inspection and report on May 7, 1895,

and that in making the inspection he had access to the original entries of the weekly accounts rendered by Strohmberg, contained in the ledger; the original ledgers containing all entries of policies issued in his agency on applications for insurance submitted by Strohmberg, and the original registers containing entries of policies canceled in accordance with requests for such cancellation submitted by Strohmberg. Furnished with this information, he reported that he found Samuel B. Strohmberg is indebted to said company for deficiency and excessive arrears, nothing, but for lapses adjusted he is indebted to the company, $109.33, and fifteen times $3.66 short of increase, $54.90, making a total of $164.23 due the company, May 6, 1895. Aside from the fact that, by said clause "7," appellee is concluded by this computation and agrees that it shall represent his indebtedness to the company, the testimony of Roberts is corroborated by Woodward, secretary of appellant, and the only testimony in conflict with this evidence is that of appellee, which, in our judgment, does not affect it. We conclude that the condition upon which this gratuity was payable, viz., that an agent's accounts were in a condition entirely satisfactory to the company, was not complied with, and for that reason no right of recovery was shown, and that the evidence clearly shows the appellee to have been indebted to appellant, at the time he began this suit, in a sum much larger than the gratuity sued for, and hence had no right to recover, unless the inspector making the report was guilty of fraud, which is not shown in this record.

Some objection is made on behalf of appellee that the exception taken is not sufficient to authorize this court to examine the evidence. We have examined the record, and understand there was exception taken to overruling the motion for a new trial, and an exception to the rendition of judgment on the verdict, which was sufficient. For the reason that appellee had no right, under the law and evidence, to recover any judgment against appellant, the judgment is reversed, but the cause is not remanded.